# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                  **Case No. 06-CR-301**

**FREDDIE L. ROBERTSON**
        **Defendant.**

---

## ORDER

Defendant Freddie Robertson pleaded guilty to possession of 50 grams or more of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) & (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c), and on January 15, 2008, I sentenced him to 120 months on the drug count and 60 months consecutive on the gun count, the minimum terms required by statute. Petitioner appealed, but the Seventh Circuit granted his lawyer's motion to withdraw and dismissed the appeal as frivolous. United States v. Robertson, 299 Fed. Appx. 581 (7th Cir. 2008). Defendant later filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which I denied. Robertson v. United States, No. 09-C-0797, 2009 WL 2983070 (E.D. Wis. Sept. 14, 2009). Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission.

18 U.S.C. § 3582(c)(2). District courts may reduce a sentence under this statute only when two conditions have been met. "First, an amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range. All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed." United States v. Jackson, 573 F.3d 398, 399 (7th Cir. 2009).

Defendant relies on Amendment 750, which the Commission adopted in response to the Fair Sentencing Act ("FSA") of 2010. Amendment 750 revised the crack cocaine guideline to align with the new 18:1 crack-to-powder cocaine ratio set forth in the FSA, and the Commission has designated this Amendment for retroactive application. See U.S.S.G. § 1B1.10(c). However, defendant cannot obtain a reduction because (1) Amendment 750 does not lower his range and (2) he remains subject to the 10 year mandatory minimum.

At the original sentencing hearing, I found defendant responsible for 394 grams of crack cocaine and 967 grams of powder cocaine. (PSR ¶¶ 12 & 20.) Under the November 2007 version of the guidelines, which were in effect when defendant was sentenced, 394 grams of crack produced a base offense level of 32. U.S.S.G. § 2D1.1(c)(4) (2007) (covering 150 to 500 grams).[1] After deducting 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, defendant's final level was 29 and his imprisonment range 121-151 months on the drug count. (PSR ¶ 82.) As indicated above, I sentenced defendant to 120 months on that count. Under the current version of the guidelines, 394 grams of crack still produces a base level of 32.

---

[1]Inclusion of the powder cocaine did not change the offense level under the drug equivalency tables.

2

U.S.S.G. § 2D1.1(c)(4) (2012) (covering 280-840 grams). Thus, Amendment 750 does not lower defendant's range.[2]

Even if it did, defendant remains subject to the 10 year mandatory minimum. In Dorsey v. United States, 132 S. Ct. 2321 (2012), the Supreme Court held that offenders sentenced on or after August 3, 2010 receive the benefit of the lower sentences specified in the FSA. However, those sentenced prior to 2010, like this defendant, remain subject to the pre-FSA version of the statute. See United States v. Foster, 706 F.3d 887, 888 (7th Cir. 2013); see also U.S.S.G. § 1B1.10 cmt. n.1(A) (explaining that a reduction is not authorized under § 3582(c)(2) if an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range because of the operation of another statutory provision, such as a mandatory minimum). Finally, even if the FSA's weight thresholds did apply here, defendant's possession of 394 grams of crack would still suffice to trigger a 10 year minimum term. See 21 U.S.C. § 841(b)(1)(A)(iii) (setting a 10 year minimum for cases involving 280 grams or more of cocaine base).

THEREFORE, IT IS ORDERED that defendant's motion (R. 58) is DENIED.[3]

Dated at Milwaukee, Wisconsin, this 5th day of September, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2]In his motion, defendant states that Amendment 750 lowers his range from 151-188 to 87-108 months, but he does not explain how this is so.

[3]In his motion, defendant discusses his good conduct in prison. The court may consider a defendant's post-sentencing conduct only if he is otherwise eligible for a reduction. See United States v. Davis, 682 F.3d 596, 611 (7th Cir. 2012); U.S.S.G. § 1B1.10 cmt. n.1(B)(iii).